## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PBS BRAND CO., LLC,[1] | Case No. 20-13157 (JTD) |
| Debtor. | |
| In re: | Chapter 11 |
| PUNCH BOWL SOCIAL, INC., | Case No. 20-13158 (JTD) |
| Debtor. | |
| In re: | Chapter 11 |
| PUNCH BOWL ARLINGTON, LLC, | Case No. 20-13161 (JTD) |
| Debtor. | |
| In re: | Chapter 11 |
| PUNCH BOWL ATLANTA BATTERY, LLC, | Case No. 20-13162 (JTD) |
| Debtor. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are (1) PBS Brand Co., LLC, a Delaware limited liability company (7897), (2) Punch Bowl Social, Inc., a Delaware corporation (9826), (3) Punch Bowl Arlington, LLC, a Delaware limited liability company (7250), (4) Punch Bowl Atlanta Battery, LLC, a Delaware limited liability company (8973), (5) Punch Bowl Austin, LLC, a Delaware limited liability company (0366), (6) Punch Bowl Chicago West Loop, LLC, a Delaware limited liability company (4024), (7) Punch Bowl Cleveland, LLC, a Delaware limited liability company (8583), (8) Punch Bowl Dallas Deep Ellum, LLC, a Delaware limited liability company (8239), (9) Punch Bowl, LLC, a Colorado limited liability company (2287), (10) Punch Bowl Indianapolis, LLC, a Delaware limited liability company (0144), (11) Punch Bowl Minneapolis, LLC, a Delaware limited liability company (9815), (12) Punch Bowl Sacramento, LLC, a Delaware limited liability company (8092), and (13) Punch Bowl SanDiego, LLC, (6440).

| | |
|---|---|
| In re:<br><br>PUNCH BOWL AUSTIN, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13163 (JTD) |
| In re:<br><br>PUNCH BOWL CHICAGO WEST LOOP,<br>LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13164 (JTD) |
| In re:<br><br>PUNCH BOWL CLEVELAND, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13165 (JTD) |
| In re:<br><br>PUNCH BOWL DALLAS DEEP ELLUM,<br>LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13166 (JTD) |
| In re:<br><br>PUNCH BOWL, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13167 (JTD) |
| In re:<br><br>PUNCH BOWL INDIANAPOLIS, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-13168 (JTD) |

12482536/2

| | |
|---|---|
| In re:<br><br>PUNCH BOWL MINNEAPOLIS, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 20-13169 (JTD) |
| In re:<br><br>PUNCH BOWL SACRAMENTO, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 20-13170 (JTD) |
| In re:<br><br>PUNCH BOWL SANDIEGO, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 20-13171 (JTD) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES,
AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),

by and thorough their proposed counsel, hereby file this motion ("Motion") seeking the entry

of an order, substantially in the form attached hereto as Exhibit A, (i) directing joint administration

of these Chapter 11 cases; and (ii) granting related relief as more fully set forth in this Motion.  In

support of this Motion, the Debtors rely on the *Declaration of Stacy Galligan in Support of the*

*Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[1] filed

substantially contemporaneously herewith, and incorporated as if set forth herein, and in further

support of this Motion, the Debtors submit as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day
Declaration.

12482536/2

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.       The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.       Pursuant to Local Rule 9013-1(f), the Debtors hereby consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

4.       No creditors' committee has been appointed in these cases.  No trustee or examiner has been appointed.

## BACKGROUND

5.       On December 21, 2020 ("Petition Date"), the Debtors filed their respective chapter 11 petitions with this Court.  The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       The Debtors are a chain of "eatertainment" venues that blends best in category scratch-kitchen culinary specialties, and industry leading craft cocktail and craft non-alcoholic programs.  What makes the Punch Bowl experience unique is that each of the locations – which vary in size from 15,000 to 30,000 square feet – are design-forward environments that provide its

12482536/2

patrons with a different and diverse selection of games including, among other things, bowling, scrabble, shuffleboard, virtual reality, billiards, karaoke, vintage arcade games, ping-pong, darts, and skee-ball, and in one location, a nine-hole miniature golf course, that create a setting conducive to large corporate gatherings as well as á la carte sales.

7.     The Debtors are 13 related entities (together with Holdings, and other related non-debtors, the "Company").  Eleven of the Debtors are limited liability companies which each operate one location.

8.     As recently as the week of December 8, 2020, the Company was operating just three venues at limited capacity.  Unfortunately, because of restrictions limiting the number of patrons at each venue, as well as the public's uneasiness of going out to eat or drink in public during a pandemic, each of those venues was losing money on a daily basis. The Debtors have determined that, in light of the need to preserve cash during these Chapter 11 bankruptcy cases, the Debtors are closing all of the remaining venues effective immediately.

## RELIEF REQUESTED

9.     The Debtors seek entry of an order, substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of the above-captioned chapter 11 cases; and (b) granting related relief.  The Debtors request that one docket be maintained for all of the jointly-administered cases under the case of PBS Brand Co., LLC., a Delaware limited liability company ("Brandco"), and that the cases be administered under a consolidated caption, as follows:

12482536/2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PBS BRAND CO., LLC, *et al.*, | Case No. 20-13157 |
| Debtors.[1] | Jointly Administered |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are (1) PBS Brand Co., LLC, a Delaware limited liability company (7897), (2) Punch Bowl Social, Inc., a Delaware corporation (9826), (3) Punch Bowl Arlington, LLC, a Delaware limited liability company (7250), (4) Punch Bowl Atlanta Battery, LLC, a Delaware limited liability company (8973), (5) Punch Bowl Austin, LLC, a Delaware limited liability company (0366), (6) Punch Bowl Chicago West Loop, LLC, a Delaware limited liability company (4024), (7) Punch Bowl Cleveland, LLC, a Delaware limited liability company (8583), (8) Punch Bowl Dallas Deep Ellum, LLC, a Delaware limited liability company (8239), (9) Punch Bowl, LLC, a Colorado limited liability company (2287), (10) Punch Bowl Indianapolis, LLC, a Delaware limited liability company (0144), (11) Punch Bowl Minneapolis, LLC, a Delaware limited liability company (9815), (12) Punch Bowl Sacramento, LLC, a Delaware limited liability company (8092), and (13) Punch Bowl SanDiego, LLC, (6440).

10.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11.     The Debtors also request that the Clerk of the Court make separate docket entries on the docket of each of Debtors' cases (except that of PBS Brand Co., LLC.), substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware consolidating this case with the case PBS Brand Co., LLC, Case No. 20-13157, for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 20-13157 should be consulted for all matters affecting this case.

12482536/2

**BASIS FOR RELIEF**

12.     Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (*See* 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses)), there is no provision in the Bankruptcy Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Bankruptcy Code.

13.     Bankruptcy Rule 1015(b) states in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

14.     Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.

15.     As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

(a)     combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(b)     the combining of notices to creditors and parties-in-interest;

(c)     the scheduling of hearings;

(d)     financial reporting by the Debtors;

(e)     the joint and several liability of the estates for administrative expenses; and

12482536/2

(f)      the joint handling of other administrative matters.

*See Collier on Bankruptcy*, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted on *Collier on Bankruptcy 15th Ed. Rev.* (2001).

16.      Joint administration is warranted in the Debtors' cases.  As stated above, Punch Bowl Inc. is the sole owner of Brandco, which, in turn, is the sole owner of all the Operating Debtors.  Based on this relationship, the Debtors plainly are "related" and are "affiliate[s]" as those terms are used in the Bankruptcy Code.  *See* 11 U.S.C. § 101(2).

17.      Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

18.      Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Mac Acquisition LLC*, No. 17-12224 (MFW) (Bankr. D. Del. Oct. 19, 2017) (directing joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Appvion, Inc.*, No. 17-12082 (KJC) (Bankr. D. Del. Sept. 14, 2017) (same); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (same).

12482536/2

19.     There is substantial overlap with respect to the Debtors.  In light of this overlap, the Debtors believe that joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with multiple sets of differently-captioned but otherwise identical papers.  The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

20.     By jointly administering the Debtors' estates, creditors will receive appropriate notice of matters involving each of the Debtors, thereby ensuring that creditors are fully informed of matters potentially affecting their claims.  In short, joint administration of the Debtors' cases, including (i) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders, (ii) the use of a single pleadings docket, (iii) the combining of notices to creditors and parties-in-interest of the different estates, (iv) the scheduling of hearings; (v) financial reporting by the Debtors; (vi) the joint and several liability of the estates for administrative purposes; and (vii) the joint handling of other purely administrative matters will aid in expediting the cases and rendering the process substantially less costly, without prejudicing the substantive rights of any creditor.

21.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets.  To a great extent, the Debtors anticipate that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases.  Joint administration will avoid wasting resources that would result through duplication of effort if the

cases involving the Debtors were to proceed separately.  The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases.  On the other hand, joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and costs of administering the cases.

22.    Moreover, through joint administration of the Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for each of the related cases.  Furthermore, joint administration will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

23.    Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

24.    The Debtors will provide notice of this motion to:  (a) the U. S. Trustee for Region 3; (b) the entities listed on the List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) CrowdOut Capital LLC; (d) PBS DIP Lender, LLC; and (e) the Internal Revenue Service.  As this Motion is seeking first-day relief, notice of this

12482536/2

Motion and any order entered hereon will be served on all parties required by Rule 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is needed or required.

### **NO PRIOR REQUEST**

25.    No prior request for the relief sought in this Motion as been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, in substantially the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  December 21, 2020

**MORRIS JAMES LLP**

*/s/  Sarah M. Ennis*
Jeffrey R. Waxman, Esquire (DE Bar No. 4159)
Eric J. Monzo, Esquire (DE Bar No. 5214)
Brya M. Keilson, Esquire (DE Bar No. 4643)
Sarah M. Ennis, Esquire (DE Bar No. 5745)
500 Delaware Avenue; Suite 1500
Wilmington, DE  19801
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  jwaxman@morrisjames.com
E-mail:  emonzo@morrisjames.com
E-mail:  bkeilson@morrisjames.com
E-mail:  sennis@morrisjames.com

*Proposed Counsel to the  Debtors and Debtors in Possession*

12482536/2